### ANDREWS *v.* O'MAHONEY *et al.*

(*Supreme Court, General Term, Second Department.* June 25, 1888.)

MORTGAGES—FORECLOSURE—RIGHTS OF PURCHASER.

Where plaintiff in a foreclosure suit obtains judgment, and bids in the property at the sale without objecting to the terms of sale, he cannot afterwards refuse to complete his purchase unless the amount due upon his mortgage, which is a first lien upon the premises, shall be first paid out of the proceeds, where the advertisement and terms of sale were that it was made subject to a prior mortgage.

Appeal from special term, Kings county.

DYKMAN, J. This action was for the foreclosure of a mortgage upon certain premises, consisting of a lot of about 32 feet wide in front and rear, and 100 feet deep. Judgment was entered in favor of the plaintiffs for the sale of the premises, and they were sold under the judgment by the sheriff of Kings county. By the terms of sale the property described in the advertisement was sold in two parts. The first lot to be sold was the west lot or half, commencing at a point on the northerly side of Clifton place, and by the terms of sale it was to be sold subject to the lien of a prior mortgage on the whole of the premises described in the advertisement. The second lot to be sold was the east half of the premises described in the advertisement, commencing at a point on the northerly side of Clifton place, and that portion also was to be sold subject to the lien of a prior mortgage on the whole of the premises described in the judgment and advertisement of sale. So that by the terms of sale the property was to be sold in two parts. The plaintiff in this action was an attorney at law; was present at the sale, and bought both parts of the property in without any objection to the terms of the sale, but refused to complete his purchase unless the amount due upon his mortgage which was foreclosed in this action, and which was the first lien upon the premises, should be first paid and satisfied out of the proceeds of the sale; whereas it was the position of the sheriff that the plaintiff had purchased the premises subject to

the first mortgage, and should therefore pay to the sheriff the full amount of his bid.  A motion was therefore made requiring the plaintiff to complete the purchase of the property under the judgment at the foreclosure sale, and the motion was granted, and the case comes to us on an appeal from that order.  By the advertisement and the terms of sale it seems entirely obvious that the sale was made subject to the first mortgage, and that the purchaser was required to pay the amount of his bid to the sheriff, and complete his purchase, and take the premises subject to the first mortgage, according to the terms of the sale.  The order should therefore be affirmed, with $10 costs, and disbursements.